# LOOMIS *v.* HAUSER.

PATENTS; INTERFERENCE; REDUCTION TO PRACTICE.

Where, in an interference proceeding, the subject-matter of which was a ticket-holder, the invention consisted mainly in the folding of a small piece of paper, it was *held* that there could scarcely be any practical difference between an illustrative model and the perfected device, and that the device being so simple and its purpose so obvious the construction of one was to be regarded as a reduction to practice without actual use or test; *following* Mason v. Hepburn, 13 App. D. C. 86.

No. 193.   Patent Appeals.   Submitted January 17, 1902.   Decided March 5, 1902.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.        *Affirmed.*

The COURT in its opinion stated the case as follows:

This is an appeal from the Commissioner of Patents in a case of interference between the appellee George Hauser, who holds a patent for the invention in controversy issued to him on June 19, 1900, and the appellant Eugene O. Loomis, who filed an application on July 6, 1900, for a patent for the same invention.

The invention in question is an improvement in holders for theater and transportation tickets, which is described in two several counts taken from the two several claims of the appellee Hauser's patent, as follows:

" 1. A ticket-holder consisting of a blank having a flap at one corner thereof adapted to be folded but once over on to and pasted along merely two of its marginal edges to said blank to form an open-ended pocket and said blank being folded on itself, so as to leave the pocket-opening uncovered, to a rectangular shape corresponding to the pocket.

26

" 2. A ticket-holder consisting of a blank having a flap at one corner thereof adapted tò be folded but once over on to said blank and pasted thereto along merely two of its marginal edges to form an open-ended pocket, and said blank containing spaces for theater diagrams, programs, and advertising matter, and foldable to a rectangular shape corresponding to the pocket."

As already stated, the appellee Hauser holds a patent for the invention, which was issued to him on June 19, 1900, in pursuance of an application filed on April 23, 1900. The appellee Loomis did not file his application until July 6, 1900; and the claims of the patent to Hauser were copied into it for the purpose of procuring the declaration of interference now before us. There is contained in the record a previous application of the appellant Loomis, filed on November 21, 1898, for a patent for a somewhat similar invention, and the proceedings thereon which, on October 12, 1899, resulted in its rejection, in which action the applicant seems to have acquiesced, and to have proceeded no further. In the brief filed in this court on behalf of the appellant it is alleged that, in an amendment to the appellant's specifications in these previous proceedings, the invention in controversy, or something very much like it, is distinctly disclosed. But in the opinions of the several tribunals of the Patent Office there seems to have been no notice taken of this alleged previous disclosure, or of the proceedings upon the appellant's first application. Nor was it necessary perhaps to notice them, inasmuch as all the steps of invention claimed in the present case had been taken by Loomis from July to November of 1898, both inclusive.

In his preliminary statement filed in the present interference Hauser, the appellee, alleged conception of the invention by him and a drawing illustrative of it in May of 1897, and a disclosure of it and reduction to practice in September of 1897. The appellant Loomis, in his preliminary statement, alleged conception, disclosure and the making of a model of the invention in July of 1898, and the

execution of a drawing and reduction to practice in November of 1898. After testimony taken by both parties tending to support their respective statements, the examiner of interferences rendered judgment of priority in favor of the patentee Hauser. This judgment the board of examiners-in-chief reversed; but the assistant Commissioner, who acted in the place of the Commissioner, reversed the judgment of the board, sustained the primary examiner, and awarded judgment of priority of invention to Hauser. From his decision appeal has been taken to this court by the applicant. Loomis.

*Mr. R. W. Bishop* and *Mr. A. G. Bishop* for the appellant.

*Mr. W. A. Redmond* and *Mr. R. Golden Donaldson* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

There seems to be no great contrariety of evidence in the case; and it would appear that both parties are in fact independent inventors, without knowledge on the part of either that the other was in the field. The testimony on behalf of each litigant fairly tends to support his preliminary statement as to what he did; and it shows conclusively that Hauser had a conception of the invention in the year 1897, while the conception of Loomis was of the year 1898. All the tribunals of the Patent Office concur in holding that the patentee Hauser was the first to conceive. They differ only in the fact that the board of examiners hold that he was not the first to reduce the invention to practice, and that he was not in the exercise of due diligence when Loomis entered the field of invention, while the examiner of interferences and the Commissioner, upon appeal from the board, held that what Hauser did in 1897 was a reduction to practice, in consequence of which there was no occasion to raise or to decide the question of diligence as between the parties.

It is not seriously, if at all, controverted by the appel-

lant in this court that the appellee was the first to conceive the invention; and we fully concur in the decisions of the Patent Office which unanimously awarded priority to him in that regard. The substantial question between the parties is, whether what the appellee did in the year 1897, before the advent of the appellant in the field of invention, was a reduction to practice.

It is shown that, in September of 1897, the appellee made, or caused to be made, a full-sized ticket-holder, embodying the construction of the device now in issue — in fact, that a couple of dozen of such ticket-holders were made about that time, and were used for one purpose or another by the appellee. And this showing is not sought to be controverted. Now, the invention is an exceedingly simple one, consisting mainly in the folding of a small piece of paper; and there can scarcely be any practical difference between what is designated as an illustrative model and the perfected device. What was said by this court in the case of *Mason* v. *Hepburn,* 13 App. D. C. 86, is entirely applicable to this invention. There it was said:

" Some devices are so simple and their purpose and efficacy so obvious that the complete construction of one of a size and form intended for and capable of practical use might well be regarded as a sufficient reduction to practice without actual use or test in an effort to demonstrate their complete success or probable commercial value."

The board of examiners-in-chief, as we think, were led into error by their construction of the case of *Lindemeyr* v. *Hoffman,* 18 App. D. C. 1, which they regarded as determining the same precise point as is here involved. In that case a solitary cap or stopper for bottles was offered in evidence as a reduction to practice; but the designer of it distinctly admitted that this cap itself was not fit for practical use. Necessarily, therefore, it was not a reduction to practice. But in the case before us, it is shown that specimens of ticket-holders actually made were fit for practical use, and were in fact used.

We think that this case is governed by the ruling in the case of *Mason* v. *Hepburn,* and that there was actual reduc-

tion of the invention to practice by the appellee in September of 1897. And in view of this conclusion it is wholly unnecessary to consider the question of diligence on the part of either or both parties.

It may be proper to notice that the testimony of the appellant taken in rebuttal is directed to impugn the credibility of the appellee in reference to statements which he had made implying that he had a patent before his patent had actually been issued. But these statements are easily explainable without impugnment of the appellee's veracity. He had made his application for a patent, had probably been informed that the application had been allowed and the patent would be issued; and it was not unnatural that he should regard his rights as thereby protected from infringement.

It follows from what we have said that the decision of the Commissioner of Patents must be *affirmed; and that judgment of priority of invention must be awarded to the appellee George Hauser.*

*The clerk of the court will certify this opinion, and the proceedings in the case in this court, to the Commissioner of Patents, according to law.*